[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 8, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-12515
Non-Argument Calendar
_____

D.C. Docket No. 03-20949-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM STERLING,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 8, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

William Acevedo Sterling pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. At sentencing, the district court denied a minor-role reduction under U.S.S.G. § 3B1.2, finding that Sterling was held responsible only for the amount of drugs with which he was involved, and that he was a trusted member of an on-going conspiracy, and sentenced Sterling to eighty-seven months imprisonment to be followed by three years supervised release. Sterling appealed, raising two issues: (1) his sentence is unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004); and (2) the district court clearly erred by denying a reduction for role in the offense.

After this court affirmed Sterling's sentence, the U.S. Supreme Court vacated our opinion and remanded in light of United States v. Booker, 543 U.S. – (2005).

Upon reconsideration, we conclude that Sterling cannot show plain error in the imposition of his sentence.[1] See United States v. Rodriguez, 398 F.3d 1291 (11th Cir.), petition for cert. filed, No. 04-1148 (Feb. 23, 2005) (acknowledging that a Booker error was plain, but holding that, in order to show that his

---

[1] Because Sterling did not raise a Booker challenge before the district court, our review is for plain error. United States v. Rodriguez, 398 F.3d 1291 (11th Cir.), petition for cert. filed, No. 04-1148 (Feb. 23, 2005).

substantial rights were affected under plain error review, the appellant must show that his sentence would have been different but for the court's use of the mandatory guidelines). Here, there is no evidence in the record to show that Sterling's sentence would have been different but for the mandatory guidelines. See id.; see also United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005) (finding error that affected substantial rights when the district court stated that the sentence was "too severe," "unfortunate," and a sentence at the low end was "more than appropriate"). Accordingly, we AFFIRM the district court.